IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLINICAL WOUND SOLUTIONS, LLC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-07916 |
| | ) | |
| NORTHWOOD, INC., | ) | Judge Martha M. Pacold |
| | ) | Magistrate Judge M. David Weisman |
| Defendant. | ) | |

MOTION FOR LEAVE TO ISSUE DISCOVERY AND FOR LEAVE TO RESPOND LATE

Plaintiff, Clinical Wound Solutions, LLC ("Clinical"), by and through its undersigned counsel, as its Motion for Leave to Issue Discovery and for Leave to Respond Late, states as follows:

I. The Defendant's Motion to Dismiss has been fully briefed since February 21, 2019 yet no ruling has been issued.

Plaintiff filed a four count complaint and there has been a Motion to Dismiss Counts II through IV pending since February. It was never contemplated that a motion would be pending for nine months without a ruling. Without knowing if the three counts at issue would be dismissed or if leave would be granted for Plaintiff to amend its Complaint, it was impossible for Plaintiff to issue meaningful and germane discovery before the ruling. The propounding of discovery on a complaint in which three of the four counts faced dismissal would not serve the economy of time efforts by either party. By not having a ruling on this Motion to Dismiss, the Plaintiff was already outside the scope of the initial time period granted

1

for discovery. By not knowing if the Plaintiff would be granted leave to amend its Complaint, the Plaintiff was already outside of the scope of the initial time period granted for discovery and would not be able to propound discovery germane to a possible amended complaint. The failure to receive any ruling on the Defendant's Motion to Dismiss is outside of the Plaintiff's control and Plaintiff should be granted time to issue discovery beginning on the date that the ruling is issued.

II. The Defendant previously admitted to the Court that a new discovery schedule would be needed.

The parties submitted a joint Initial Status Report for Reassigned Case (Dkt. #41) on October 10, 2019. In Section 2, Paragraph B, the parties stated that "A new discovery schedule will be needed". A new discovery schedule was discussed as early August, before the discovery closure date. It is disingenuous for the Defendant to now argue that Plaintiff not be allowed to respond late or issue discovery late in light of its admission in the Initial Status Report. As discussed herein, as a result of not having a ruling on the Defendant's Motion to Dismiss during the originally granted discovery time period or up to the present date, the parties truly are still not at issue. The Plaintiff has been precluded from issuing relevant and germane discovery requests as it does not know which claims will survive or if leave will be granted to file an amended complaint. The Plaintiff has been precluded from responding fully to the Defendant's requests as it does not know if any of the requests would be objectionable based upon which claims of the complaint will survive. The Plaintiff should be granted leave to issue its discovery and to respond to the discovery beginning on the date of the ruling on

the Motion to Dismiss.

III. The Discovery requested by the Defendant is outside of the customary documentation needed to prepare a complaint.

The scope of the Defendant's discovery requests, both the Interrogatories and the Document Requests, goes well beyond the documents that would be needed prior to the filing of a complaint. For example, Interrogatories relating to whether or not the Plaintiff was terminated from any health plan in the last 10 years, or subject to any lawsuits or grievances in the last 10 years, or requests for copies of all of the underlying physician's prescriptions and each claim submission for the unpaid invoices that cover 32 pages as Exhibit B of the Plaintiff's Complaint (Dkt. #1) and involve $196,769.30 of goods that were provided is meant only to burden the Plaintiff. This type of documentation is not the type that would be reviewed as preparation to draft a complaint and therefore had not already been gathered. As can be evidenced by looking at the list of unpaid invoices attached to the Complaint, time is needed to complete the investigation into the Defendant's requests in order to provide any appropriate documentation besides that which has already been provided.

IV. The Defendant will not suffer any prejudice by the granting of an extension of time to the Plaintiff to issue discovery and to respond to the Defendant's discovery requests.

Through the time that the parties have waited for the ruling on the Defendant's Motion to Dismiss, it is the Plaintiff that has been prejudiced, not the Defendant. It is the Plaintiff that does not know on which of its claims it will be allowed to proceed or if it will be allowed to amend its complaint. It is the Plaintiff that has alleged that it delivered goods for which it did

not receive payment. There has been no financial loss suffered by the Defendant as it did not expend funds to pay for the goods that were supplied to the insureds. The Defendant has only incurred the time that was expended by the drafting of their discovery requests. The granting of an extension of time to the Plaintiff will not injure the Defendant. Time should be granted to the Plaintiff to issue its discovery and to respond to the Defendant's discovery beginning on the date of the ruling on the Defendant's Motion to Dismiss.

WHEREFORE, the Plaintiff respectfully prays that this Honorable Court enter an order granting Plaintiff leave to issue its discovery and leave to respond to the Defendant's discovery beginning as of the date of the ruling on the Defendant's Motion to Dismiss, plus any further relief in favor of the Plaintiff deemed just and proper.

Date: November 22, 2019

Respectfully submitted,

By: /s/ Sandra T. Kahn
Sandra T. Kahn
Dickler, Kahn, Slowikowski & Zavell, Ltd.
85 W. Algonquin Road, Suite 420
Arlington Heights, IL 60005
847-593-5595 ext 206
sandy@dicklerlaw.com
Counsel for the Plaintiff

## CERTIFICATE OF SERVICE

      I, the undersigned attorney, being first duly sworn under oath, depose and state that I caused to be served the foregoing document by electronically filing the same with the Clerk for the U.S. District Court for the Northern District of Illinois, Eastern Division, a copy of which was then forwarded to each attorney of record by CM/ECF on November 22, 2019.

Date: November 22, 2019　　　　　　　By: /s/ Sandra T. Kahn
　　　　　　　　　　　　　　　　　　Sandra T. Kahn
　　　　　　　　　　　　　　　　　　Dickler, Kahn, Slowikowski & Zavell, Ltd.
　　　　　　　　　　　　　　　　　　85 W. Algonquin Road, Suite 420
　　　　　　　　　　　　　　　　　　Arlington Heights, IL 60005
　　　　　　　　　　　　　　　　　　847-593-5595 ext. 206
　　　　　　　　　　　　　　　　　　sandy@dicklerlaw.com

F:\CLIENT\Clinical Wound Solutions\CV\0047.PL.191121.Motion.wpd