IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLINICAL WOUND SOLUTIONS, LLC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-07916 |
| | ) | |
| NORTHWOOD, INC., | ) | Judge Martha M. Pacold |
| | ) | Magistrate Judge M. David Weisman |
| Defendant. | ) | |

PLAINTIFF'S RESPONSE TO DEFENDANT'S THIRD MOTION TO COMPEL
PLAINTIFF'S RESPONSE TO DISCOVERY AND FOR RULE 37 SANCTIONS

Plaintiff, Clinical Wound Solutions, LLC, by and through its undersigned counsel, as its Response to Defendant's Third Motion to Compel Plaintiff's Response to Discovery and for Rule 37 Sanctions states as follows:

I.    Defendant served its Second Set of Interrogatories well beyond the discovery close date of September 30, 2019.

Defendant's counsel has chosen to ignore certain facts and to oversimplify the issues presented to this Honorable Court. Counsel has stated that the Second Set of Interrogatories was served on January 22, 2020, but has ignored and omitted the fact that the discovery close date was September 30, 2019 (Dkt. #56). This discovery was served almost four (4) months after the discovery close date without first seeking leave of court to do so. The Defendant has offered no explanation of why this discovery request was served after the close date nor any explanation of why leave was not sought before serving said discovery. Despite the fact of this

1

late filing, Plaintiff has continued to work on its response. There were no "shifting explanations". It is totally disingenuous for Defendant's counsel to now seek sanctions over discovery he was not authorized to propound. It is the Defendant that has abused the judicial process and has failed to comply with this Honorable Court's discovery orders. Sanctions should be imposed against the Defendant.

Just as significant is Defendant's counsel's attempt to minimize the extent of the interrogatories that were improperly propounded. His statement that he propounded two interrogatories is factually correct but is totally misleading. It is simply his attempt to prejudice the Plaintiff. The second interrogatory contained requests for five (5) types of information relating to 33 pages of claims asserted by Plaintiff with approximately 34 claims per page (Exhibit B to the Complaint). For counsel to present the Second Set of Interrogatories as simply two interrogatories is a misrepresentation to this Honorable Court and is reprehensible.

Despite the fact that Defendant had no authority to propound this Second Set of Interrogatories, Plaintiff has been attempting to respond. The information being sought relates to five questions each for approximately 1,122 claims. There is no way to estimate how long it will take to locate this information. There has been no wilful disregard of deadlines or abuse of the judicial process by the Plaintiff. It has been a genuine attempt to respond to Defendant's unauthorized, unapproved, and improperly posed discovery requests. It is the Defendant that has abused the judicial process by propounding unauthorized discovery after the close date and then seeking sanctions when the responses have not been completed. It is the Defendant

that should be sanctioned.

II.  Defendant's unsubstantiated allegations about the Plaintiff's billing is irrelevant to the instant motion and only presented to prejudice the Plaintiff.

Defendant has included unsubstantiated allegations about the Plaintiff's billing practices which are irrelevant to the instant motion. The only purpose for including these allegations is to wrongly prejudice the Plaintiff. The Defendant's snide remark about Plaintiff's alleged actions is uncalled for and should be sanctionable. There is no place before this Honorable Court for the Defendant to include such unprofessional and ill-tempered statements in its pleadings. The Defendant has come before this Honorable Court with unclean hands and should not be allowed to make such baseless accusations to try to advance its arguments. Sanctions against the Defendant should be imposed.

III.  This Court must exercise restraint and not impose any sanctions.

USCS Federal Rule of Civil Procedure, Rule 37(b)(2) provides the sanctions that are available for not obeying a discovery order, including the dismissal of the pending action. In the case of Webber v. Eye Corp., 721 F.2d 1067, 1069 (7th Cir. 1983), the Court held that "The sanction of dismissal is the most severe sanction that a court may apply, and its use must be tempered by a careful exercise of judicial discretion." 721 F.2d at 1070. The court in Schilling v. Walworth County Park & Planning Commission, 805 F.2d 272, 275 (7th Cir. 1986) held that

> The sanction of dismissal with prejudice must be infrequently resorted to by district courts in their attempts to control their dockets and extirpate nuisance suits. In the normal course of events, justice is dispensed by the hearing of cases on their merits; only when the interests of justice are best served by dismissal can this harsh sanction be consonant with the role of courts.

3

The case of <u>Okasili v. Chicago Housing Authority</u>, 1993 U.S. Dist. LEXIS 10217, *3 (N.D. Ill. 1993), held that "The ultimate sanction of dismissal is only justified in extreme cases where other forms of sanction have proven unavailing."

In the case of <u>Second Chance Body Armor, Inc. v. American Body Armor, Inc.</u>, 177 F.R.D. 633, 637 (N. D. Ill. 1998), the court held that "An award of sanctions must be proportionate to the circumstances surrounding the failure to comply with discovery." The court in <u>Royal Maccabees Life Insurance Company v. Malachinski</u>, 2001 U.S. Dist. LEXIS 3362, *29, *30 (N.D. Ill. 2001), held that

> The court has broad discretionary power in imposing sanctions. Nonetheless, a court should exercise restraint in imposing sanctions and apply only the power 'adequate to the end proposed.' Sanctions should be proportionate to conduct and circumstances surrounding the failure to comply with discovery.

The Defendant has not suffered any injury because the case is not yet at issue. The Plaintiff was granted additional time to file its Amended Complaint. Based upon the conduct of the Defendant, Plaintiff has not engaged in the type of extreme conduct which would warrant the dismissal of its cause of action or the imposition of sanctions. Plaintiff has not displayed willfulness, bad faith or fault. It is the Defendant that has exercised poor judgment and discovery misconduct. It is the Defendant that has willfully disregarded the discovery order and deadline by propounding its Second Set of Interrogatories after the discovery close date. Plaintiff has not ignored the Court's orders and has continued to work on its response to these unauthorized requests. It is the Defendant that has brazenly ignored the Court's orders and misrepresented the facts. In light of the Defendant's conduct, sanctions should not

4

be imposed upon the Plaintiff but upon the Defendant.

For all of the reasons set forth herein, the Defendant's motion must be denied and sanctions entered against the Defendant.

WHEREFORE, the Plaintiff respectfully prays that this Court enter an Order:

a) Denying the Defendant's request to dismiss this action with prejudice;

b) Awarding sanctions against the Defendant;

c) Granting any further relief in favor of the Plaintiff as this Court deems just and proper.

Dated: October 7, 2020                          Respectfully submitted,

By: /s/ Sandra T. Kahn
Sandra T. Kahn
Dickler, Kahn, Slowikowski & Zavell, Ltd.
85 W. Algonquin Road, Suite 420
Arlington Heights, IL 60005
847-593-5595 ext 206
sandy@dicklerlaw.com
Counsel for the Plaintiff

CERTIFICATE OF SERVICE

I, the undersigned attorney, being first duly sworn under oath, depose and state that I caused to be served the foregoing document by electronically filing the same with the Clerk for the U.S. District Court for the Northern District of Illinois, Eastern Division, a copy of which was then forwarded to each attorney of record by CM/ECF on October 7, 2020.

Date: October 7, 2020

By: /s/ Sandra T. Kahn
Sandra T. Kahn
Dickler, Kahn, Slowikowski & Zavell, Ltd.
85 W. Algonquin Road, Suite 420
Arlington Heights, IL 60005
847-593-5595 ext. 206
sandy@dicklerlaw.com