IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLINICAL WOUND SOLUTIONS, LLC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-07916 |
| | ) | |
| NORTHWOOD, INC., | ) | Judge Martha M. Pacold |
| | ) | |
| Defendant. | ) | |

PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE WEISMAN'S
REPORT AND RECOMMENDATION

Plaintiff, Clinical Wound Solutions, LLC, by and through its undersigned counsel, as its Objections to Magistrate Judge Weisman's Report and Recommendation states as follows:

I. The Background presented is not complete and does not present the full context of the case.

The Background presented in the Report does not include the full history of the pleadings which has a bearing on the discovery process. This case was removed to federal court on November 30, 2018. The Defendant filed its Motion to Dismiss on December 28, 2018 and the motion was fully briefed by March 21, 2019. There was no ruling on this dispositive motion until April 30, 2020, more than one year later. The Plaintiff was granted leave to file an Amended Complaint which was filed on the deadline of October 16, 2020.

During this time before the ruling was issued, discovery was initiated even though the parties did not know if, or how much of, the Plaintiff's Complaint would survive the Motion

1

to Dismiss. Discovery should have been suspended and there should have been no discovery orders entered in this action until such time as a ruling was made on the Motion to Dismiss. As was held in the case of <u>Chudasama v. Mazda Motor Corp.</u>, 123 F.3d 1353, 1367 (11th Cir. 1997)

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion. Discovery should follow the filing of a well-pleaded complaint.

123 F3d. at 1367. The court concluded that

> In sum, as the burdens of allowing a dubious claim to remain in the lawsuit increase, so too does the duty of the district court finally to determine the validity of the claim. Thus when faced with a motion to dismiss a claim for relief that significantly enlarges the scope of discovery, the district court should rule on the motion before entering discovery orders, if possible.

123 F3d at 1368. The discovery process should not have been initiated until after April 30, 2020 as there was no need for it before that date. Even with the chronology of this action and the pending Motion to Dismiss, the Plaintiff provided responses to the Defendant's Interrogatories and almost 600 pages of documents. The Plaintiff has never refused to respond and continues in its attempts to respond to the Defendant's Second Set of Interrogatories. The sanction of dismissal at this time is unjustified.

II. The Court cannot "implicitly" extend the discovery cutoff date for the Defendant while denying the Plaintiff's request for additional time to issue discovery.

Plaintiff has argued that the filing of Defendant's Second Set of Interrogatories on

January 22, 2020 was well beyond the discovery cutoff date of September 30, 2019. Plaintiff should be allowed to raise this objection, without a motion, even as Plaintiff has been attempting to gather the responses to the Defendant's requests. In his report, the Court stated that, upon this case being referred for discovery supervision, "this Court has implicitly extended this deadline". There was no order entered to this effect. If this deadline was "implicitly" extended, then there was no basis for the Plaintiff's Motion for Leave to Issue Discovery to have been denied on December 3, 2019, long before the Defendant filed its Second Set of Interrogatories. The discovery schedule should not have been extended for one party and not the other. The Defendant should not have been allowed to file its Second Set of Interrogatories. To excuse the Defendant's late filing of discovery with this "implicit" extension of the discovery cutoff date and then sanction the Plaintiff for not being able to timely complete its responses is not proportionate and is unjustified.

III.    This Court must exercise restraint and not impose the sanction of dismissal.

USCS Federal Rule of Civil Procedure, Rule 37(b)(2) provides the sanctions that are available for not obeying a discovery order, including the dismissal of the pending action. In the case of <u>Webber v. Eye Corp.</u>, 721 F.2d 1067, 1069 (7th Cir. 1983), the Court held that "The sanction of dismissal is the most severe sanction that a court may apply, and its use must be tempered by a careful exercise of judicial discretion." 721 F.2d at 1070. The court in <u>Schilling v. Walworth County Park & Planning Commission</u>, 805 F.2d 272, 275 (7th Cir. 1986) held that

> The sanction of dismissal with prejudice must be infrequently resorted to by
> district courts in their attempts to control their dockets and extirpate nuisance

3

>suits. In the normal course of events, justice is dispensed by the hearing of cases on their merits; only when the interests of justice are best served by dismissal can this harsh sanction be consonant with the role of courts.

See also Shea v. Donohoe Constr. Co., 254 U.S. App. D.C. 175 (D.C. Cir. 1986) (holding that the choice between dismissal and lesser sanctions is a product of three considerations: prejudice to the defendant, prejudice to the judicial system, and deterrence and punishment). In the case of Long v. Steepro, 213 F.3d 983, 986 (7th Cir. 2000), the court held that

>This ultimate sanction is reserved for cases in which the offending party has demonstrated willfulness, bad faith or fault. 'Absent [these] circumstances, the careful exercise of judicial discretion requires that a district court consider less severe sanctions and explain, where not obvious, their inadequacy for promoting the interests of justice'.

In the case of Second Chance Body Armor, Inc. v. American Body Armor, Inc., 177 F.R.D. 633, 637 (N. D. Ill. 1998), the court held that "An award of sanctions must be proportionate to the circumstances surrounding the failure to comply with discovery." The court in Royal Maccabees Life Insurance Company v. Malachinski, 2001 U.S. Dist. LEXIS 3362, *29, *30 (N.D. Ill. 2001), held that

>The court has broad discretionary power in imposing sanctions. Nonetheless, a court should exercise restraint in imposing sanctions and apply only the power 'adequate to the end proposed.' Sanctions should be proportionate to conduct and circumstances surrounding the failure to comply with discovery.

In the case of Ramirez v. T & H Lemont, Inc., 845 F.3d 772, 776 (7th Cir. 2016), the court held that "Any sanctions imposed pursuant to the court's inherent authority must be premised on a finding that the culpable party willfully abused the judicial process or otherwise conducted the litigation in bad faith".

Plaintiff has not engaged in the type of extreme conduct which would warrant the dismissal of its cause of action. Plaintiff has not displayed willfulness, bad faith or fault. Plaintiff has not ignored the Court's orders and did provide responses to the Defendant's initial interrogatories and requests for documents. Plaintiff continues to work on its responses to the voluminous requests propounded by the Defendant in its Second Set of Interrogatories. The Plaintiff has not "willfully abused the judicial process or otherwise conducted the litigation in bad faith". As was held in Royal Maccabees Life Insurance Company v. Malachinski, 2001 U.S. Dist. LEXIS 3362, *29, *30 (N.D. Ill. 2001), in this case, a dismissal would not "be proportionate to conduct and circumstances surrounding the failure to comply with discovery".

Through no fault of the Plaintiff, over a year passed before a ruling on the Defendant's Motion to Dismiss was entered. There should have been no discovery initiated until this ruling was issued on April 30, 2020. Both parties would have saved time and expense if the discovery process had been suspended until such time as the Motion to Dismiss was decided.

In light of the circumstances of this case, and the unequal treatment of the parties with respect to discovery, the sanction of dismissal is not "proportionate" and is unjustified. The Plaintiff should not be sanctioned with a dismissal for its inability to complete responses to discovery that the Defendant should not have been allowed to file. There has been no prejudice to the Defendant. There has been no prejudice to the judicial system as the clock should not have started until April 30, 2020 and Plaintiff has filed its Amended Complaint. Discovery

responses were sent to the Defendant on December 31, 2019 and the Defendant has done nothing except request more. No depositions were requested and no dispositive motions were filed by the Defendant. The Plaintiff has not willfully disregarded deadlines and is continuing in its efforts to respond. The "careful exercise of judicial discretion" requires that this Honorable Court consider less severe sanctions than a dismissal of this action.

For all of the reasons set forth herein, the Magistrate Judge's Report and Recommendation must be denied.

Dated: October 28, 2020     Respectfully submitted,

By: /s/ Sandra T. Kahn
Sandra T. Kahn
Dickler, Kahn, Slowikowski & Zavell, Ltd.
85 W. Algonquin Road, Suite 420
Arlington Heights, IL 60005
847-593-5595 ext 206
sandy@dicklerlaw.com
Counsel for the Plaintiff

CERTIFICATE OF SERVICE

      I, the undersigned attorney, being first duly sworn under oath, depose and state that I caused to be served the foregoing document by electronically filing the same with the Clerk for the U.S. District Court for the Northern District of Illinois, Eastern Division, a copy of which was then forwarded to each attorney of record by CM/ECF on October 28, 2020.

Date: October 28, 2020                      By: /s/ Sandra T. Kahn
                                                   Sandra T. Kahn
                                                   Dickler, Kahn, Slowikowski & Zavell, Ltd.
                                                   85 W. Algonquin Road, Suite 420
                                                   Arlington Heights, IL 60005
                                                   847-593-5595 ext. 206
                                                   sandy@dicklerlaw.com