## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CLINICAL WOUND SOLUTIONS, LLC,  )
        )
        )
      Plaintiff,    )
        )      No. 18-cv-07916
    v.      )
        )      Judge Martha M. Pacold
NORTHWOOD, INC.,    )
        )
      Defendant.    )

## MEMORANDUM OPINION AND ORDER

Before the court are plaintiff's objections to Judge Weisman's report and recommendation recommending that this case be dismissed with prejudice as a discovery sanction pursuant to Federal Rule of Civil Procedure 37. [110] (report and recommendation), [114] (objections). The court has reviewed the record, including but not limited to defendant's first, second, and third motion to compel plaintiff's response to discovery (the second and third of which also seek dismissal with prejudice as a sanction under Rule 37), [34], [47], [104], plaintiff's responses to defendant's second and third motion to compel, [55], [107], defendant's reply in support of its third motion to compel, [108], the report and recommendation, [110], plaintiff's objections to the report and recommendation, [114], defendant's response, [118], and plaintiff's reply, [121]. For the reasons below, plaintiff's objections to the report and recommendation, [114], are overruled. The court adopts the report and recommendation in full. Defendant's third motion to compel and for Rule 37 sanctions, [104], is granted to the extent that the motion seeks dismissal with prejudice as a Rule 37 sanction. This lawsuit is dismissed with prejudice.

## BACKGROUND

Plaintiff Clinical Wound Solutions, LLC ("CWS") objects that the background presented in Judge Weisman's report and recommendation "is not complete and does not present the full context of the case." [114] at 1.[1] The background in the report and recommendation is complete, but to address CWS's objection, and because the "entire procedural history of the case" is relevant, *Long v. Steepro*, 213

---

[1] Bracketed numbers refer to docket entries and are followed by page and/or paragraph numbers. Page numbers refer to the CM/ECF page number.

F.3d 983, 986 (7th Cir. 2000), the court describes in detail the relevant procedural events.

On October 30, 2018, CWS filed a complaint against defendant Northwood, Inc. in the Circuit Court of DuPage County. [1] at 8–13. The complaint alleged that CWS is in the business of supplying medical supplies, that Northwood is a third-party administrator and vendor, that Northwood had an agreement with a health plan in Wisconsin to supply services to the members of the health plan, that CWS and Northwood had a supplier agreement whereby CWS would provide medical supplies to the health plan members, and that CWS in fact provided supplies to the health plan members, but that Northwood refused to pay the balance due, which was nearly $200,000. [1] at 8–9. CWS brought four claims: breach of contract (count I), fraud (count II), improper claims practice under the Illinois Insurance Code (count III), and improper claims practice under the Michigan Third Party Administrator Act (count IV). [1] at 8–13.

Northwood removed the case to federal court on November 30, 2018. [1].

On December 28, 2018, after an agreed extension of time, Northwood filed a partial answer and a partial motion to dismiss; Northwood answered count I and moved to dismiss counts II, III, and IV. [9], [11].

In the partial answer (on count I), Northwood asserted affirmative defenses of unclean hands, failure to mitigate, and unjust enrichment. Northwood alleged that Northwood informed CWS of problems with CWS's submitted claims, *i.e.*, specific internal rules (to which CWS agreed by contract) and state and federal laws that required rejection of CWS's requests for payment, that Northwood informed CWS on numerous occasions why any invoices were rejected and how that rejection could be remedied, and that CWS ignored Northwood's instruction and refused to fix CWS's claims, instead filing this lawsuit. [11] at 7–9.

As to Northwood's partial motion to dismiss (on counts II through IV), the court entered the following briefing schedule: CWS's deadline to respond was January 31, 2019, and Northwood's deadline to reply was February 14, 2019. [13]. CWS did not file its response or ask for an extension before the January 31, 2019 deadline (or after that deadline, until the next status hearing on February 21, 2019, as discussed below). Northwood nonetheless filed a timely reply (on February 8) arguing that, in light of CWS's failure to respond, the partial motion to dismiss should be considered unopposed. [15].

At a status hearing on February 21, 2019, the court gave CWS until March 7, 2019 to respond to the partial motion to dismiss and Northwood until March 21, 2019 to reply. [18]. The court observed that CWS "did not ask for additional time to respond until after [Northwood] had filed its reply and the parties appeared for a

2

status hearing three weeks after the original deadline," and reminded CWS that "requests for extensions of time should be made before the original deadline expires." [18]. The court warned that "[f]uture failure to request an extension in a timely manner will result in denial of the request." [18].

In addition, on February 21, 2019, the court adopted the discovery schedule proposed in the parties' joint initial status report and set the following deadlines: "ESI [electronically stored information] shall be produced by 3/11/2019; the parties may supplement their initial discovery responses by 8/30/2019; fact discovery shall be completed by 9/30/2019; and any dispositive motions shall be filed by 10/31/2019." [18]; *see also* [16] at 3–4. Thus, September 30, 2019 was the deadline for the close of fact discovery.

The ESI production deadline of March 11, 2019, was part of this district's Mandatory Initial Discovery Pilot program. [16] at 3. CWS later moved for a 28-day extension of that deadline, [21], which the court granted, [25], such that CWS's ESI production was due April 16, 2019. On April 16, 2019, CWS provided Northwood some (but not all) relevant documents under the Mandatory Initial Discovery Pilot program. *See* [5]; [41] at 3; [68] at 5.

On May 17, 2019, Northwood served its initial interrogatories and document production requests on CWS. [34] ¶ 1; [41] at 3; [110] at 1.[2] CWS's responses were due June 17, 2019. Fed. R. Civ. P. 33(b)(2) (interrogatories), 34(b)(2)(A) (document production requests).

According to Northwood's first motion to compel (discussed below): Several days after the deadline, on June 21, 2019, having received neither responses nor a request for an extension, Northwood's counsel emailed CWS's counsel requesting a Local Rule 37.2 meet and confer regarding the outstanding discovery requests. [34] ¶ 3. Several days later, on June 25, 2019, having received no response to the email, Northwood's counsel again sought a Local Rule 37.2 meet and confer. [34] ¶ 4. Several days later, on June 28, 2019, CWS's counsel responded: "With the time spent on the confidentiality order, I neglected the remaining written discovery which I am working on now. I will call you on Monday." [34] ¶ 5. Northwood "received no further response from [CWS], and no discovery responses were served." [34] ¶ 6.

---

[2] Based on the parties' filings, it is not clear whether Northwood served its first set of interrogatories and document production requests on May 16, 2019 or May 17, 2019. *Compare* [47] at 2 (May 16) *with* [34] ¶ 1 (May 17); [41] at 3 (same); [110] at 1 (same). The court assumes that the discovery requests were served on the later date, May 17, 2019, but the discrepancy has no bearing on the court's analysis.

3

The parties appeared at a status hearing on July 18, 2019. [33]. The court gave CWS an additional 21 days, until August 8, 2019, to "serve all outstanding discovery responses." [33].

On August 12, 2019 (after the August 8 deadline that the court had set on July 18), not having received CWS's responses or any request for a formal or informal extension, Northwood filed its first motion to compel, asking the court to enter an order compelling CWS to respond to Northwood's first set of interrogatories and document production requests "within five days" and grant Northwood its attorneys' fees incurred in pursuing the responses. [34] at 3. Northwood explained that the discovery responses were now 56 days overdue and that CWS had ignored the court's July 18, 2019 order without any request for a formal or informal extension. [34] at 2 ¶ 10. Northwood contended that "the kind of things [Northwood] is seeking in discovery are the basic facts and documents [CWS] would have needed to have on-hand in performing a good faith investigation of its Complaint prior to filing," such as "[c]opies of the invoices pled in the Complaint as unpaid," "[d]ocuments supporting [CWS]'s claim for damages," "[c]ommunications related to the agreement a[t] issue in the Complaint," and [t]he supporting documents that would have been submitted with each invoice at issue." [34] at 2 ¶¶ 11–12. Northwood further explained that "without these documents and information," "it would have been impossible for [CWS] to claim invoices submitted to [Northwood] were not properly paid." *Id.* at 2 ¶ 13. Northwood also explained that "[t]he close of fact discovery is September 30, 2019, and [Northwood]'s defense of this case has been and will continue to be prejudiced by [CWS]'s failure to respond to discovery." *Id.* at 2 ¶ 14.

The court held a motion hearing on August 22, 2019. [36]; *see also* [46] (Aug. 22, 2019 Mot. Hr'g Tr.). Counsel for CWS explained that counsel was overwhelmed and the responses were taking longer than counsel ever expected due to the breadth and scope of the requests and the type and volume of documents ("[t]he responses are asking for proofs of delivery, the original physicians' prescriptions, the original submissions for over 1100 claims that our complaint was seeking were unpaid"). [46] at 2. Counsel further explained that some requests "go back ten years, which is beyond even the scope of when the time period of the complaint began," and that counsel believed some of the requests were "outside the scope of the complaint" or "related to the other counts of the complaint which are still pending with the motion to dismiss, so [counsel didn't] know how that ruling [wa]s going to determine or affect the responses." [46] at 3. The court indicated that CWS "may very well be right about the scope," but the court "wouldn't be surprised if defense counsel took the position that your client waived those sorts of objections by not providing a timely response or requesting an extension." [46] at 3. CWS requested an additional 21 days given the breadth and scope of the requests. [46] at 4. Northwood contended that "the fundamental problem here is that [CWS] couldn't have drafted this complaint without these documents," *i.e.*, CWS must have already

4

obtained and reviewed the documents in order to file claims for unpaid invoices. [46] at 4. CWS responded that for a breach of contract claim, "the claims information" and "the billing information of what's unpaid" normally would have been collected, but "you don't collate physicians' prescriptions" or "look for 1100 proofs of delivery . . . of the products." [46] at 4. CWS also noted (presumably referring to the MIDP disclosures), "there have been documents supplied during earlier stages of discovery, so it's not like counsel has not received anything. There have been many documents that have been provided." [46] at 6.

The court noted, "an additional 21 days certainly seems like a lot, given that the last time the parties were here on July 18th you were given the extension August 8th." [46] at 5. The original due date for these responses was back in June." [46] at 5. Nonetheless, the court granted a three-week extension, to September 12, 2019, for CWS "to provide full and complete responses" to the discovery requests, [46] at 6, *see also* [36], but specified: "Given that there was already a court-ordered deadline that was blown past, you should not understand that extension as meaning that you have not waived any objections." [46] at 6. The court stated that it would entertain an argument that CWS waived objections to the requests (based on relevance or scope, for example), other than objections based on privilege or work product. [46] at 7. The court granted the motion to compel and awarded reasonable attorneys' fees to Northwood for "preparing the motion and appearing in court." [36]; [46] at 7. Northwood filed a fee affidavit in the amount of $690.00. [39].

At the August 22, 2019 motion hearing, Northwood also indicated that meeting the existing September 30, 2019 fact discovery deadline would not be feasible. [46] at 6, 8. The court set a status hearing for September 19, 2019 and requested that if the parties wanted to request an extension of the discovery deadline, that the parties meet and confer and file a motion for an extension. [46] at 8.

On August 23, 2019, the case was reassigned to this judge. [37]. Shortly thereafter, all hearings set (i.e., the September 19, 2019 status hearing) were stricken in light of the reassignment. [38].

CWS did not serve discovery responses or request an extension by the final deadline of September 12, 2019.

On October 1, 2019, the court directed the parties to file a joint reassignment status report by October 10, 2019, and set a reassignment status hearing for October 24, 2019. [40].

On October 7, 2019, three days before the reassignment status report was due, CWS served its response to Northwood's first set of interrogatories, but not a response to the document production requests. [41]. The response to

5

interrogatories was served several weeks after the final deadline of September 12, 2019, and almost four months after the original deadline.

The parties filed the joint initial reassignment status report on October 10, 2019. [41]. The status report noted that on October 7, 2019, CWS had served its response to the interrogatories, but not to the document production requests, and that CWS had previously served some limited documents on April 16, 2019 (presumably referring to the MIDP disclosures). [41] at 3; *see also* [47] at 3–6. The initial reassignment status report explained that a new discovery schedule would be needed. [41] at 3.

At the October 24, 2019 initial reassignment status hearing, the court did not set a new discovery schedule, but referred the case to Magistrate Judge Weisman for the supervision of discovery and settlement. [42]; [43].

Judge Weisman held a status hearing on November 4, 2019. [45]; [68] (transcript). Northwood explained the history and that despite the final deadline of September 12, 2019, Northwood still had not received any response to the requests for production and had received only what Northwood viewed as deficient responses to interrogatories. [68] at 3. CWS reported that CWS had produced some documents earlier, that "[a]t that point or this point, I was told those were all the documents that we had," that "[t]he chief operating officer of the company left about two, three weeks ago," and counsel was "working with the newer people to try to round up and see what really is there and what isn't there." [68] at 4. CWS also noted that CWS needed to issue written discovery and that the pending motion to dismiss several counts had not been ruled on. [68] at 4.

Judge Weisman explained that CWS needed to serve a response to the requests for production. [68] at 5–7. CWS raised the pendency of the partial motion to dismiss and Judge Weisman explained that the existence of the motion was not a reason not to respond to discovery if discovery had not been stayed (which it had not). [68] at 7.

Northwood explained that its position was that the interrogatory responses were inadequate. [68] at 7–8. As to how to move forward, Northwood further explained that Northwood had considered seeking a sanction of barring CWS from relying on any document CWS had not produced, but did not think that would be sufficient and needed to know CWS's position in response to the requests for production. Specifically, a significant part of Northwood's defense was that there were "certain things the contract required [CWS] to submit that [CWS] didn't submit"—so Northwood needed to know CWS's position, in response to the requests for production, on whether CWS contended those documents existed. [68] at 8–9. For example, "if their response is going to be 'it's in the 200 pages we gave you in

the MIDP,' fine, I know that that means the documents don't exist, but I do think I need responses to that." [68] at 9.

Northwood contended that CWS should not be able to propound any discovery on Northwood at this point, since CWS had not propounded discovery in six months when deadlines had come and gone. [68] at 9. In response, CWS requested additional time to propound discovery, contended that defendants' discovery requests were overbroad (covering ten years, beyond the scope of the time period of the complaint, which alleged that the relevant services began in July 2015), and argued that there had been no prejudice to Northwood. [68] at 9–10.

Judge Weisman explained that he was not inclined to extend deadlines further or to allow CWS to issue discovery given CWS's failure to respond to Northwood's discovery, but directed a final meet and confer between the parties and gave both parties the opportunity to brief the issues and explain their positions fully by identifying items from the docket and the procedural history. [68] at 11–16. He directed the parties to conduct a final meet and confer on outstanding discovery issues by November 8, 2019, and to file any motions (by Northwood to compel, by CWS to issue discovery and / or respond late to discovery) by November 22, 2019, and set a status hearing for December 3, 2019. [68] at 11–16; [45]. In response, the parties filed the following motions:

- Northwood filed a second motion to compel discovery and for attorneys' fees and Rule 37 sanctions. [47] (Nov. 21, 2019). Northwood argued that CWS's response to the first set of interrogatories (produced on October 7, 2019) was "barely four pages long, and replete with boilerplate, unsubstantiated objections," and that the objections had been waived. [47] at 3–4. Northwood explained that despite the November 4, 2019 hearing, CWS still had not served a response to Northwood's document production requests or produced any documents beyond the MIDP production. [47] at 5–6. The motion sought an order granting Northwood attorneys' fees in connection with the motion and either (1) dismissing the case pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) and the court's inherent authority or (2) compelling CWS to amend its responses to Northwood's first set of interrogatories, removing the waived objections, and to respond to Northwood's first set of document production requests, including by the production of documents, within five days. [47] at 6–8.

- CWS filed a motion to extend the deadline to complete discovery and for leave to respond late. [52] (Nov. 22, 2019). CWS argued that there was a pending motion to dismiss on several counts that had been fully briefed since February 21, 2019, that both (1) the scope of discovery that CWS would itself issue and (2) whether CWS would object to Northwood's discovery requests turned on which counts survived the ruling on the motion to dismiss, and

that CWS should be granted time both to issue its own discovery and to respond to Northwood's discovery once a ruling on the motion to dismiss was issued. [52] at 1–4. CWS also argued that the scope of Northwood's discovery requests was very broad and extended beyond what was necessary to prepare the complaint. [52] at 3. And CWS argued that CWS had been prejudiced, not Northwood; CWS alleged that it had delivered goods for which it had not been paid but did not know on which counts it could proceed, Northwood had not expended any funds, and Northwood had only incurred the time expended in drafting Northwood's discovery requests. [52] at 3–4.

On November 27, 2019, CWS filed a response to Northwood's second motion to compel. [55]. CWS argued that it had filed a response to the motion to dismiss, filed a response to the first set of interrogatories, and provided some limited documents beyond the required ESI. [55]. CWS argued that "[g]ood cause exists for the late filing of the discovery responses containing the objections and the failure must be excused as the discovery process should have been suspended upon the filing of [Northwood]'s Motion to Dismiss." [55] at 2. CWS also argued that the requested documents and interrogatories are "well beyond the scope of those documents" needed to prepare the complaint. [55] at 3. Finally, CWS contended that the court "must exercise restraint and not impose any sanctions," [55] at 4, arguing that without a ruling on Northwood's motion to dismiss, CWS's conduct was not extreme and did not warrant dismissal, and Northwood had not been prejudiced, [55] at 5–6. CWS sought a stay of discovery until a ruling on Northwood's motion to dismiss. [55] at 7.

On December 3, 2019, Judge Weisman held the scheduled hearing on both motions: Northwood's second motion to compel and CWS's motion to extend discovery and respond late (*i.e.*, to issue CWS's own discovery and to respond late to Northwood's discovery). [56]. There is no transcript of the hearing on the docket, but Judge Weisman issued a minute entry afterward that:

- continued Northwood's second motion to compel and set the continued hearing for December 17, 2019;
- granted in part and denied in part CWS's motion for leave to issue discovery and for leave to respond late, [52], explaining: "For the reasons stated on the record, Plaintiff's counsel may not issue any discovery in this case at this time. The discovery close date was 9/30/19. ECF # 18. Plaintiff does not offer any legitimate reason for not complying with the discovery schedule. Plaintiff's argument that there is a pending motion to dismiss is without merit, especially considering plaintiff's complete lack of response to defendant's discovery and subsequent court orders. In short, the court and the defendant were proceeding with discovery. The plaintiff unilaterally elected not to."

- ordered CWS's counsel to respond to Northwood's requests to produce and to re-respond to Northwood's interrogatories by December 10, 2019, permitting CWS's counsel to further explain the objections in the responses but reminding CWS's counsel that "as discussed, these objections may have already been waived";
- warned CWS's counsel that "failure to comply with this Order may result in a recommendation . . . that this case be dismissed with prejudice. *See Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 192 (7th Cir. 2003) (encouraging district courts to provide an explicit warning prior to ordering a Fed. R. Civ. P. 37 dismissal as a sanction)"; and
- directed the parties to file a status report by December 13, 2019 updating the court on CWS's counsel's responses to discovery.

[56].

On December 10, 2019, CWS sent Northwood a response to Northwood's first set of document requests, a box of hard copy documents (over 600 pages of documents, *see* [121] at 4) in response to the first set of document requests, and its amended response to the first set of interrogatories. [57], [60].

On December 13, 2019, the parties filed separate status reports. [57], [60].[3] CWS's status report indicated that it had sent the box of documents (mentioned above) and amended responses to the interrogatories on December 10, 2019. [57]. Northwood's status report indicated that the hard copy documents CWS produced were not bates-stamped and that the production was "not marked as confidential pursuant to the Protective Order, despite containing extensive medical information on private individuals." [60] at 1. Northwood maintained its position that CWS had waived any objections to the document production requests and interrogatories by waiting more than five months in disregard of multiple court deadlines, contended that CWS's objections were unsubstantiated and incomplete, argued that CWS's inclusion of the phrase "investigation continues" in its responses to Northwood's document production requests should be taken as a violation of the court's order that CWS respond to the production requests by December 10, and renewed its motion for attorneys' fees. [60] at 1–2.

At the December 17, 2019 motion hearing, Judge Weisman granted in part Northwood's second motion to compel and, for the reasons stated on the record (no transcript of this hearing is on the docket), ordered CWS to provide Northwood "with amended responses with proper bates stamps" and "verified answers to [Northwood]'s interrogatories" by December 31, 2019. [61]. Judge Weisman entered and continued Northwood's motion in part (as to Northwood's request for

---

[3] Northwood initially filed its status report without exhibits, [58], but promptly filed a corrected report with exhibits, [60]. The court refers only to the corrected report.

costs and fees), and directed Northwood to file a fee petition. [61]. After Northwood filed the fee affidavit, [62], Judge Weisman held another motion hearing on January 16, 2020, granted Northwood's request for costs and fees for the reasons stated on the record, and ordered CWS to pay Northwood $2,046.85, [69]. Also at the January 16, 2020 hearing, the parties reported on the status of discovery (although no transcript is on the docket), and Judge Weisman set another status hearing to discuss discovery and whether the parties were interested in a settlement conference. [69]. The status hearing ultimately occurred on July 15, 2020, due to the COVID-19 public emergency. [95].

On January 22, 2020, Northwood served its second set of interrogatories on CWS. [71] ¶ 1; [104] ¶ 1 & Ex. A. The second set of interrogatories sought information related to the core of the complaint, namely, information about CWS's Exhibit B to the complaint. Exhibit B—an exhibit that CWS attached to the complaint and cited in the breach of contract claim—was a "summary statement" of charges for supplies that CWS alleged it had provided to covered members but Northwood allegedly failed to pay for. [1] at 9 (complaint citing Ex. B in support of breach of contract claim), 38–70 (Ex. B attached to complaint).

CWS twice moved to extend the deadline to respond to the second set of interrogatories. One of the two motions for extension understandably occurred shortly after the COVID-19 public emergency was declared. [71] (Feb. 18, 2020) (requesting 28-day extension "[d]ue to the number of years over which the transactions occurred, the amount of claims to be reviewed and the information being requested"); [76] (Mar. 19, 2020) (shortly after COVID-19 public emergency declared, requesting 28-day extension due to challenges of the emergency and unavailability of client staff). Judge Weisman granted the motions both times, [73], [78], such that the deadline to respond was April 17, 2020. By operation of the Second and Third Amended General Orders relating to the COVID-19 public emergency, the deadline was later extended to June 12, 2020. [79], [83]; *see also* [92].

On April 30, 2020, the court granted Northwood's partial motion to dismiss (the motion to dismiss counts II, III, and IV) without prejudice to CWS filing an amended complaint by June 11, 2020, and noted that CWS could request an extension of time if necessary in light of the COVID-19 public emergency. [85], [86]. On June 9, 2020, CWS moved to extend the time to amend the complaint, requesting an additional 60 days. [89]. The court granted the motion due to the COVID-19 public emergency, extending the deadline to August 10, 2020. [91]. (As discussed below, CWS later filed a second motion for a 60-day extension of time to amend the complaint, [96], which the court again granted, over Northwood's objection, due to the COVID-19 public emergency, [102], such that October 16, 2020 was the final deadline to file an amended complaint. CWS filed an amended complaint on the October 16 deadline. [112].)

10

On July 7, 2020, the parties filed a joint status report before Judge Weisman, [92], which summarized Northwood's efforts to obtain CWS's responses to Northwood's second set of interrogatories; the responses had been due June 12, 2020, as explained above. As of the July 7, 2020 joint status report, Northwood had not received CWS's responses. The report explained that Northwood contacted CWS about the status of the responses on June 15, 2020, and received no response. [92] at 2. Northwood contacted CWS again on June 17, 2020, and CWS's counsel responded that counsel "needed a little more time." [92] at 2. Northwood reached out to CWS a third time on July 1, 2020, requested responses by July 3, and received no response. [92] at 2. On July 7, 2020, CWS's counsel reported that "Plaintiff's employees have continuously been reviewing and searching for documents and records that were prepared by Plaintiff's former principal employee. Additional time is required to complete the responses." [92] at 2.

Shortly thereafter, Judge Weisman held the July 15, 2020 status hearing. [95]. No transcript is on the docket, but in a July 15, 2020 follow-up minute entry, Judge Weisman explained that the parties "reported on the status of discovery." [95]. Judge Weisman ordered CWS to "answer all outstanding discovery" by August 12, 2020, and set a status hearing for August 26, 2020, "to discuss the structuring of any remaining discovery as impacted by the filing of an amended complaint." [95].

As noted above, on August 7, 2020, CWS filed a second motion for an additional 60-day extension of time to amend the complaint. [96]. This time, Northwood objected, [98], but the court again granted the motion due to the COVID-19 public emergency, [102], such that October 16, 2020 was the final deadline to file an amended complaint. CWS filed an amended complaint on the October 16 deadline. [112].

Meanwhile, on August 11, 2020, CWS moved to extend the time to respond to Northwood's second set of interrogatories by 45 days. [99]. At the August 26, 2020 hearing on the motion, Judge Weisman granted the motion over Northwood's objection for the reasons stated on the record. [103] (minute entry; no transcript on docket). Judge Weisman extended the time for CWS to respond to Northwood's written discovery (i.e., Northwood's second set of interrogatories) to September 28, 2020 and noted, "This is a final extension." [103]. Judge Weisman set a status hearing for October 21, 2020 "to discuss any additional discovery that may be needed should [CWS] file an amended complaint." [103].

On September 29, 2020, not having received CWS's responses, Northwood emailed CWS seeking the status. [104] ¶ 4. CWS did not respond, so Northwood contacted CWS's counsel via telephone the next day, September 30, 2020. [104] ¶ 5. According to Northwood, CWS's counsel "could say no more than she did not have the response and that she would follow up with [CWS]." [104] ¶ 6.

That same day, September 30, 2020, Northwood filed its third motion to compel and for Rule 37 sanctions. [104]. The motion argues that the court should dismiss the case as a discovery sanction pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v) based on CWS's pattern of repeatedly missing deadlines, including a final extension, despite admonishments. [104] at 2–4.

CWS filed a response. [107]. CWS argued, among other things, that Northwood's second set of interrogatories, served on January 22, 2020, was unauthorized discovery served well beyond the close of discovery on September 30, 2019, [107] at 1–2; that the second set of interrogatories sought extensive information, and CWS was genuinely attempting to provide a response, but given the volume, "[t]here is no way to estimate how long it will take to locate this information," [107] at 2; and that CWS's conduct did not warrant dismissal, nor had Northwood suffered injury given that CWS was granted additional time to file its amended complaint, [107] at 3–4.

On reply, Northwood noted that even now, CWS could not provide any timeline for completion. [108] at 1. Northwood also argued that CWS could not properly rely on the September 30, 2019 discovery close; Northwood explained that CWS had not responded to Northwood's first set of discovery requests by September 30, 2019, and did not finally provide them until December 31, 2019, and that CWS had argued in November 2019 (in its motion to issue its own discovery late) that the parties had contemplated and informed the court that a new discovery schedule would be necessary. [108] at 2; [52] at 2. Northwood argued that dismissal was appropriate because deadlines, orders, admonishments, and the entry of monetary sanctions had not been effective. [108] at 2–3.

On October 14, 2020, Judge Weisman issued a report and recommendation recommending that the case be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v). [110]. Judge Weisman reviewed the procedural history, [110] at 1–2, and explained the legal standard, that is, "willfulness, bad faith, or . . fault," [110] at 2 (quoting *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016) (citation and internal quotation marks omitted)). Judge Weisman explained that CWS's conduct "easily satisfies the definition of fault. [CWS] ignored repeated orders to comply with discovery, even after it was sanctioned monetarily and warned that failure to comply could result in dismissal of this case. At a minimum, such conduct displays gross negligence, if not recklessness or intent." [110] at 2.

Judge Weisman explained: "[CWS] does not deny that it repeatedly violated the Court's orders. Rather, [CWS] asserts that dismissal is not warranted because [Northwood] issued its second set of interrogatories after the [September 30, 2019] discovery cutoff date." [110] at 2. Judge Weisman rejected this argument for

12

several reasons: First, after setting that cutoff, the case was referred to Judge Weisman for discovery supervision, and Judge Weisman had implicitly extended the deadline. Second, CWS did not object to the timeliness of the interrogatories until Northwood filed the third motion to compel. "Third, and most importantly, this argument completely ignores [CWS]'s repeated violations of Court orders that occurred *before* [Northwood] issued the second set of interrogatories." [110] at 2–3.

Judge Weisman concluded that CWS "has been, at the very least, grossly negligent in complying with its discovery obligations and the orders of this Court," warranting dismissal. [110] at 3.

As noted above, CWS filed an amended complaint on October 16, 2020, the final deadline to do so. [112]. In addition to count I (breach of contract), which Northwood had answered, the amended complaint realleged all three previously dismissed counts, counts II through IV (fraud, improper claims practices under the Illinois Insurance Code, and improper claims practices under the Michigan Third Party Administrator Act).

On October 28, 2020, CWS filed objections to the report and recommendation, [114]. On November 10, 2020, Northwood filed a response. [118]. On August 20, 2021, the court held a status hearing and explained that the court was prepared to rule on the objections to the report and recommendation and was inclined to overrule the objections and adopt the report and recommendation. [120]. CWS requested an opportunity to file a reply, which the court allowed. On August 27, 2021, CWS filed the reply. [121].

## DISCUSSION

The court agrees with Judge Weisman that dismissal with prejudice as a discovery sanction under Rule 37 is warranted.

Rule 72(b) governs the court's review of the report and recommendation because the report and recommendation involves a dispositive matter. Under Rule 72(b)(3), the court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." The court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

Rule 37(b)(2)(A) "grants the district courts the power to impose appropriate sanctions for violations of discovery orders." *e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 642 (7th Cir. 2011). The rule provides: "If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders," Rule 37(b)(2)(A), which "may include" various possible

13

orders listed in the rule, *id.*, including "dismissing the action or proceeding in whole or in part," Rule 37(b)(2)(A)(v).[4]

District courts "have wide latitude in fashioning appropriate sanctions." *e360 Insight*, 658 F.3d at 642 (citation and internal quotation marks omitted); *see also Marrocco v. General Motors Corp.*, 966 F.2d 220, 223 (7th Cir. 1992). But "the sanction selected must be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction." *Long*, 213 F.3d at 986 (citation and internal quotation marks omitted).[5]

"[T]he interests of justice are best served by resolving cases on their merits." *Id.* Dismissal is the "ultimate sanction" and should be used "only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable." *Rice v. City of Chicago*, 333 F.3d 780, 785–86 (7th Cir. 2003) (citation and internal quotation marks omitted). To dismiss a suit with prejudice as a sanction, the court must "find that the responsible party acted or failed to act with a degree of culpability that exceeds simple inadvertence or mistake." *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016). That is, the court must find that "the noncomplying party acted with willfulness, bad faith, or fault." *Marrocco*, 966 F.2d at 224.

"[W]illfulness and bad faith are associated with conduct that is intentional or reckless." *Long*, 213 F.3d at 987. "Although wilfulness and bad faith are associated with conduct that is intentional or reckless, the same is not true for 'fault.' Fault 'does [not] speak to the noncomplying party's disposition at all, but rather only describes the reasonableness of the conduct—or lack thereof—which eventually culminated in the violation.'" *Long*, 213 F.3d at 987 (quoting *Marrocco*, 966 F.2d at 224). "Fault, however, is not a catch-all for any minor blunder that a litigant or his counsel might make. Fault, in this context, suggests objectively unreasonable

---

[4] The court also has the inherent authority to sanction a party for discovery abuses. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991); *S.E.C. v. First Choice Mgmt. Servs., Inc.*, 678 F.3d 538, 543 (7th Cir. 2012). Because Rule 37(b) provides a sufficient basis for dismissal, the court does not consider whether it could also invoke its inherent authority to dismiss the case with prejudice. *See Goodvine v. Carr*, 761 F. App'x 598, 602 (7th Cir. 2019) ("We ordinarily encourage reliance on a statute or rule before the invocation of inherent authority if the statute or rule adequately sanctions the conduct."); *Zapata Hermanos Sucesores, S.A. v. Hearthside Baking Co.*, 313 F.3d 385, 390–91 (7th Cir. 2002) ("The inherent authority of federal courts . . . [should] be exercised sparingly, to punish misconduct . . . not adequately dealt with by other rules.").

[5] *Long* involved sanctions under Federal Rule of Civil Procedure 16(f), rather than Rule 37(b). Even so, the analysis applies here in light of the Seventh Circuit's clarification that "[t]he criteria for sanctions under Rules 16(f), 37(b), and 41(b) are the same." *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993).

behavior; it does not include conduct that we would classify as a mere mistake or slight error in judgment." *Long*, 213 F.3d at 987; *see also Equal Employment Opportunity Commission v. Wal-Mart Stores East, L.P.*, 46 F.4th 587, 599 (7th Cir. 2022) ("Dismissal under Rule 37 must be supported by fault, as shown by extraordinarily poor judgment or gross negligence, rather than mere mistake or inadvertence.") (citation and internal quotation marks omitted); *Ramirez*, 845 F.3d at 776 ("Fault, in contrast to willfulness or bad faith, does not require a showing of intent, but presumes that the sanctioned party was guilty of 'extraordinarily poor judgment' or 'gross negligence' rather than mere 'mistake or carelessness.'" (quoting *Marrocco*, 966 F.2d at 224)).

The record, including the motions and briefs at issue in the report and recommendation, shows that CWS acted at least with fault through a pattern of noncompliance with court-ordered deadlines. This occurred primarily with respect to Northwood's discovery requests (first set of interrogatories and document production requests and second set of interrogatories), but began with respect to Northwood's motion to dismiss. The latter deadline did not pertain to discovery and therefore may fall outside the scope of sanctions authorized by Rule 37, but it provides context for CWS's conduct throughout the litigation.

As to the motion to dismiss: Northwood filed a partial motion to dismiss on December 28, 2018. The court set a briefing schedule, but CWS did not file its response as scheduled. Northwood filed its reply anyway. CWS did not seek an extension until the next status hearing, three weeks after the original deadline. The court granted the motion and allowed CWS to file a response, but reminded CWS that it should seek an extension before a deadline passed or risk denial of the request. *See* [18] (Feb. 21, 2019 minute entry: "Status hearing held. Plaintiff's oral motion for extension of time to file response is granted. . . . Plaintiff is reminded that requests for extensions of time should be made before the original deadline expires. Here, Plaintiff did not ask for additional time to respond until after Defendant had filed its reply and the parties appeared for a status hearing three weeks after the original deadline. Future failure to request an extension in a timely manner will result in denial of the request.").

As to the first set of discovery requests: Northwood issued its first set of discovery requests on May 17, 2019. The initial deadline for responses, under the rules, was June 17, 2019. Ultimately, CWS submitted final responses to these discovery requests on December 31, 2019—but only after Judge Wood granted Northwood's first motion to compel, the case was reassigned and referred to Judge Weisman for discovery, CWS provided an incomplete initial response (responding only to the interrogatories and not to the document production requests), and Judge Weisman granted Northwood's second motion to compel. CWS is not at fault for delays where CWS sought an extension before the deadline passed, or resulting from the case reassignment. But there are two instances where the court set a

deadline, but CWS neither complied with the deadline by serving discovery responses nor requested an extension, but simply missed the deadline: the August 8, 2019 deadline and the September 12, 2019 deadline. In both instances, it was unreasonable to neither comply with the deadline nor timely seek an extension.

The context of these deadlines makes clear that CWS acted at least with fault. Northwood served its first set of interrogatories and document production requests on May 17, 2019. CWS's counsel did not produce responses by the June 17, 2019 deadline (set by Rule 33(b)(2)(A)), did not request an extension from the court, and did not reach out to Northwood to indicate the responses would be late. Four days after the missed deadline, Northwood contacted CWS and received no response. Northwood waited another three days and reached out to CWS again. Five days later (11 days after the responses were due), CWS's counsel explained that "[w]ith the time spent on the confidentiality order, [counsel] neglected the remaining written discovery." [34] ¶ 5.[6] CWS's counsel said that counsel was working on the discovery and would call Northwood after the weekend. CWS's counsel never called and the responses were not served.

Thus, CWS missed the June 17 original default deadline set by the rules without seeking an extension. CWS did not seek an extension until the July 18 status hearing. At the July 18 status hearing, the court gave CWS an additional 21 days to produce responses and set the deadline for August 8, 2019. So the August 8 deadline had already been extended from the original deadline of June 17, 2019, and had been expressly set by the court at a status hearing.

When CWS did not comply with the August 8 extended deadline, Northwood filed its first motion to compel, which Judge Wood granted, setting the September 12 deadline for CWS "to produce a full and complete response to [Northwood]'s discovery requests." [36]. Although the September 12 deadline was set in conjunction with the grant of a motion to compel, CWS neither complied with the deadline nor timely sought an extension. CWS ultimately submitted final responses to these discovery requests on December 31, 2019, well after the original June 17 deadline. But CWS's final responses were submitted only after the case was reassigned, CWS provided an incomplete initial response in October, the case was referred to Judge Weisman for discovery, Northwood filed a second motion to compel (which Judge Weisman ultimately granted), and Judge Weisman ordered CWS twice to complete and / or address issues with the responses. In other words, CWS's eventual compliance came after imposing substantial time and costs on Northwood and Judge Weisman's docket.

---

[6] Northwood's second motion to compel notes that the confidentiality order required minimal work, as "[t]he parties added eight words in total to the Model Order." [47] at 2 n.1.

More specifically, the response provided on October 7, 2019 was incomplete. CWS sent a response to the interrogatories but not a response to the document production requests, nor did CWS produce any documents in response to the document production requests. *See* [41] at 3; [47] at 6. Northwood also raised issues with the quality of the response to the interrogatories. *See* [47] at 4 (arguing that the response "is barely four pages long, and replete with boilerplate, unsubstantiated objections," and "any objections to the interrogatories have been waived"). The inadequacy of CWS's response led Northwood to file the second motion to compel. CWS was then ordered to respond to the requests to produce and re-respond to the interrogatories by December 10, 2019, with a warning that "failure to comply with this Order may result in a recommendation from this Court to the District Court that this case be dismissed with prejudice." [56]. CWS finally sent a response to the document production requests and produced a box of documents on December 10, 2019, [57], [60], 176 days after the initial June 17, 2019 deadline. Even so, Northwood's second motion to compel was ultimately granted on December 17, 2019, and CWS was ordered to provide amended responses to the document production requests, with proper bates stamps, and verified answers to interrogatories, by December 31, 2019. [61]. Thus, although CWS ultimately responded to Northwood's first set of interrogatories and document production requests, that did not occur without multiple violations of court-ordered discovery deadlines, including both missing deadlines entirely and providing a significantly incomplete response (to interrogatories only rather than document production requests). *Ramirez*, 845 F.3d at 776 ("Rule 37(a)(4) treats an evasive and incomplete answer in discovery as equivalent to no answer, and thus a failure to comply with court-ordered discovery.").

It is true that the day after the court set the September 12 deadline (on August 22, 2019), the case was reassigned (on August 23, 2019), and that "all hearings" were then stricken in light of the reassignment. [38]. And again, CWS is not at fault for any delay resulting from the reassignment. But deadlines (as opposed to hearings) were not stricken due to the reassignment, CWS does not argue that it harbored any confusion on this point, and if it did, it should have sought clarification from the court.

The procedural history with respect to Northwood's second set of interrogatories reinforced the pattern. Northwood served its second set of interrogatories on January 22, 2020. As discussed above, CWS moved twice to extend the deadline to respond, both of which motions Judge Weisman granted, making the deadline to respond April 17, 2020. Also as discussed above, this time period coincided with the beginning of the COVID-19 public emergency. The deadline was later extended to June 12, 2020 as a result of the Second and Third Amended General Orders relating to the COVID-19 public emergency. CWS did not produce responses by the June 12 deadline, did not request another extension from the court, and (as far as the court can tell) did not reach out to Northwood to

indicate the responses would be late; thus, technically, the June 12 deadline was also a deadline that CWS missed without seeking an extension, although this was relatively early during the COVID-19 public emergency, so missing this deadline does not demonstrate "fault." Three days after the deadline, Northwood's counsel contacted CWS's counsel about the status of the discovery and received no response. Two days later, Northwood's counsel contacted CWS's counsel again. CWS's counsel said that counsel "needed a little more time." [92] at 2. On July 7, 2020, CWS's counsel reported, "Plaintiff's employees have continuously been reviewing and searching for documents and records that were prepared by Plaintiff's former principal employee. Additional time is required to complete the responses." [92] at 2.

At the next status hearing (on July 15, 2020), Judge Weisman ordered CWS to "answer all outstanding discovery" by August 12, 2020, thus giving CWS an additional 28 days to respond. CWS moved to extend the time to respond on August 11, 2020. Judge Weisman granted CWS's motion for extension of time, extended the deadline to September 28, 2020, and warned CWS that it was the "final extension." [103]. Nevertheless, CWS did not produce responses by September 28, 2020. Northwood contacted CWS via email on September 29, 2020 and, when CWS did not respond, via telephone on September 30, 2020. According to Northwood, CWS's counsel said that counsel did not have the response and that counsel would follow up with CWS. [104] ¶ 6. That same day, Northwood filed its third motion to compel and requested dismissal as a sanction. In response to the motion to compel, CWS stated that the interrogatories sought responses to "five questions each for approximately 1,122 claims. There is no way to estimate how long it will take to locate this information." [107] at 2.

In short, despite repeated extensions, grants of two motions to compel, and an explicit warning, CWS has repeatedly missed deadlines throughout the case, first with respect to the response to the motion to dismiss but primarily with respect to Northwood's discovery requests.

CWS's conduct "exceeds simple inadvertence or mistake." *Ramirez*, 845 F.3d at 776. After the first missed deadline, the court explicitly told CWS that it should request extensions of time before deadlines expire and warned that failure to request extensions in a timely manner will result in denial of the request. [18]. From that point (and arguably before), CWS was on notice that it must meet deadlines or request an extension. Yet, CWS missed another three deadlines (not including the unverified responses and documents produced without bates stamps on December 3, 2019).

Further, lesser sanctions have proven ineffective. When possible, cases should be resolved on the merits. But as just described, the court first warned CWS that failure to request a timely extension would result in denial of the request after

it missed its first court-ordered deadline. [18]. After the second missed deadline (August 8, 2019), the court warned CWS that it may have waived objections (other than privilege and work product) due to tardiness. [36]. At the same hearing, the court granted Northwood's first motion to compel and awarded Northwood its reasonable attorneys' fees, thus sanctioning CWS. At the hearing on Northwood's second motion to compel, Judge Weisman warned CWS that failure to comply with the court's order may result in a recommendation that the case be dismissed with prejudice. [56]. Judge Weisman also reminded CWS that it may have waived any objections as a result of its tardiness. Judge Weisman later granted Northwood's second motion to compel and awarded Northwood its reasonable attorneys' fees, thus sanctioning CWS monetarily a second time. [61]. None of these warnings or sanctions proved effective; CWS missed the most recent September 28, 2020 deadline, even after Judge Weisman warned that it would be the "final extension." [103].

In its objections to the report and recommendation, CWS does not deny that it has repeatedly missed court-ordered deadlines. Rather, CWS argues that (1) "[d]iscovery should have been suspended and there should have been no discovery orders entered in this action until such time as a ruling was made on the motion to dismiss," [114] at 2; (2) CWS should not have to respond to Northwood's second set of interrogatories because the discovery was served after the September 30, 3019 discovery close, [114] at 2–3; and (3) the court "must exercise restraint and not impose the sanction of dismissal," [117] at 3.

CWS's contention that discovery should have been suspended pending a ruling on Northwood's motion to dismiss is unpersuasive. First, CWS never filed a motion to stay discovery pending a ruling on the motion to dismiss. "[M]agistrate and district courts enjoy extremely broad discretion in controlling discovery." *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013). And "there is no requirement that [ ] discovery cease during the pendency of a motion to dismiss *unless the court has ordered a stay.*" *SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 945 (7th Cir. 1988) (emphasis added; citation and internal quotation marks omitted).

The burden was on CWS to seek a stay of discovery. CWS never filed an actual motion for a stay. CWS did state at the August 22, 2019 hearing on Northwood's first motion to compel that some requested documents "may be related" to counts of the complaint that were subject to the partial motion to dismiss, and that CWS did not know how the ruling would affect the responses, [46] at 3, but did not clearly seek a stay of discovery, and instead said that counsel was working on the discovery responses and requested and received an additional 21 days to respond, [46] at 2–7. CWS's counsel admitted in a November 4, 2019, hearing before Judge Weisman that discovery was not stayed. [68] at 7. CWS's counsel raised at the hearing that the motion to dismiss remained pending and

19

CWS was uncertain whether the ruling would affect its objections; Judge Weisman explained that absent a stay from the district court, CWS was obligated to respond to discovery, but that he was also giving CWS an opportunity to brief the procedural history. [68] at 7, 15. CWS then raised the issue (the pendency of the motion to dismiss) in its motion for leave to issue discovery and for leave to respond late to Northwood's discovery, [52] at 1–2; perhaps this request effectively sought a stay, but that is not what CWS called it. Judge Weisman then rejected CWS's argument: "Plaintiff does not offer any legitimate reason for not complying with the discovery schedule. Plaintiff's argument that there is a pending motion to dismiss is without merit, especially considering plaintiff's complete lack of response to defendant's discovery and subsequent court orders. In short, the court and the defendant were proceeding with discovery. The plaintiff unilaterally elected not to." [56].

Second, even if CWS had clearly sought a stay, CWS has not explained why a stay was justified. If a court "finds that a stay of discovery is unlikely to significantly expedite the litigation, *and may actually slow it down*, it will decline to interfere." *See New England Carpenters Health & Welfare Fund v. Abbott Lab'ys*, No. 12-cv-1662, 2013 WL 690613, at *2 (N.D. Ill. Feb. 20, 2013) (emphasis added; citation and internal quotation marks omitted). No matter how the court ruled on the partial motion to dismiss, discovery on the breach of contract claim would have been necessary.

As explained above, Northwood had filed a partial answer (as to count I, the breach of contract claim), [11], and a partial motion to dismiss (as to counts II through IV, the claims for fraud, improper claims practices under the Illinois Insurance Code, and improper claims practices under the Michigan Third Party Administrator Act), [9]. Counts II through IV in the original complaint relied on many of the same factual allegations as count I—*i.e.*, while the legal theories differed, all counts concerned Northwood's alleged failure to pay CWS for the medical supplies CWS had provided. [1] at 8–13. Thus, discovery on the breach of contract claim would have proceeded in any event.

While in other instances a fraud count may significantly enlarge the scope of discovery, the fraud count here relied on factual allegations that incorporated the factual allegations of the breach of contract claim. [1] at 10 ¶ 13. And CWS has not explained in its objections to the report and recommendation how a ruling on the motion actually would have affected the scope of discovery. CWS has not met its burden to show that a stay was warranted.

In support of its argument that discovery should have been stayed, CWS cites an Eleventh Circuit case, *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997), that found a district court's order compelling discovery before ruling on a motion to dismiss to be an abuse of discretion. *Id.* at 1355. This court is not bound by the Eleventh Circuit's ruling. In any event, the case involved different facts.

The Eleventh Circuit focused not only on the fact of discovery during the pendency of the motion to dismiss, but also on the district court's "mismanagement of discovery" generally. *Id.* at 1356. The Eleventh Circuit emphasized the noncomplying party's "well-developed, bona fide objections" that went unresolved throughout the litigation. *Id.* at 1358–59; 1370. Here, CWS did not mention (let alone properly respond in writing with) any objections to discovery until the motion hearing on Northwood's first motion to compel, after CWS had missed the initial June 17, 2019 discovery deadline under the rules and the August 8, 2019 extended deadline set by the court. [46] at 2–3. As the court warned, at that point, CWS may have waived any objections to relevance or scope. [46] at 3, 6–7. As such, CWS's objections were not well developed, as in *Chudasama*.

With regard to its argument that CWS should not have to respond to Northwood's second set of interrogatories because the discovery was served after the September 30, 2019 discovery close, CWS notes that Judge Weisman denied CWS's motion for leave to issue discovery on December 3, 2019 as past the close of discovery but permitted Northwood to serve its second set of interrogatories on January 22, 2020. [114] at 2–3. In the report and recommendation, Judge Weisman explained that the court "implicitly extended the deadline" for discovery. [110] at 2. CWS argues, "To excuse [Northwood]'s late filing of discovery with this 'implicit' extension of the discovery cutoff date and then sanction [CWS] for not being able to timely complete its responses is not proportionate and is unjustified." [114] at 3.

It is true that imposing a sanction on only one party, particularly dismissal, would be inappropriate "where both of the litigants failed to respect and comply with court imposed discovery time-lines." *Rice*, 333 F.3d at 786. But here, CWS repeatedly violated court-ordered deadlines but there was no similar conduct by Northwood. CWS filed this case but then delayed responding to discovery about the core of its complaint. Northwood's second set of interrogatories sought information related to the core of CWS's complaint, namely, information about CWS's Exhibit B to the complaint. CWS attached Exhibit B to the complaint and cited Exhibit B in CWS's breach of contract claim. Exhibit B was a "summary statement" of charges for supplies that CWS alleged it had provided to covered members but Northwood allegedly failed to pay for. [1] at 9 (complaint citing Ex. B in support of breach of contract claim), 38–70 (Ex. B attached to complaint). Northwood was entitled to discovery about Exhibit B.

In addition, CWS's argument that Northwood's second set of interrogatories fell after the original September 30, 2019 close of discovery overlooks the fact that CWS did not serve its responses to Northwood's *first* set of discovery requests until December 31, 2019, well after the original September 30, 2019 deadline. And the September 30, 2019 fact discovery deadline was clearly going to be extended: At the August 22, 2019 motion hearing, Northwood indicated that meeting the existing

September 30, 2019 deadline would not be feasible. [46] at 6, 8. The court set a status hearing for September 19, 2019 and requested that the parties meet and confer and file a motion for an extension of the fact discovery deadline that the court could address at that status hearing. [46] at 8. The September 19, 2019 status hearing was stricken after the case was reassigned, but the parties' joint initial reassignment status report explained that "[a] new discovery schedule will be needed." [41] at 3. The court then referred the case to Judge Weisman for discovery supervision (among other purposes). In any event, CWS did not serve objections to the second set of interrogatories (at all, including on the basis of timeliness) or raise the timeliness issue in one of its motions for extension of time to respond to the second set of interrogatories.

Under these circumstances, Judge Weisman's decisions to sanction CWS by precluding CWS from issuing discovery late and ultimately recommending dismissal when CWS did not respond to the second set of interrogatories (in addition to the previous missed deadlines) were entirely justified.

Last, CWS argues that "the court must exercise restraint and not impose the sanction of dismissal." As discussed above, lesser sanctions have proved ineffective. CWS has been warned repeatedly about the consequences of missing court-ordered deadlines and has twice been sanctioned with reasonable attorney's fees. The court has considered other potential intermediate sanctions. Striking counts II through IV instead of dismissing the entire case would not help move the case forward. CWS has not responded to any discovery in a timely fashion. Nor did CWS respond to the second set of interrogatories at all or articulate how that set of interrogatories relates only to counts II through IV and not to count I (the breach of contract claim). Indeed, the second set of interrogatories sought information related to CWS's Exhibit B—an exhibit that CWS attached to the complaint and cited in its breach of contract claim. So limiting the case (and therefore the discovery) to count I would not help move the case forward. Deeming certain facts admitted is not workable because it is not apparent which facts should be deemed admitted or what type of inference could be drawn that would not be just as dispositive as a dismissal. Further, at this point, continuing with discovery would prejudice Northwood, which has been required to file three motions to compel and, as of Northwood's response to CWS's objections to the report and recommendation, still had not received responses to the second set of interrogatories. [118] at 2.

To be sure, dismissal with prejudice is the "ultimate sanction." *See Rice*, 333 F.3d at 785–86. It is a last resort. But dismissal may be warranted for repeated failure to meet discovery deadlines. *See, e.g.*, *Nelson v. Schultz*, 878 F.3d 236, 239 (7th Cir. 2017) (affirming dismissal where plaintiff's "violations of the court's discovery orders constituted a 'pattern of failure to meet court-imposed deadlines'" (internal citation omitted)); *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 191–92 (7th Cir. 2011) (affirming dismissal where plaintiffs "missed five

discovery deadlines and violated two court orders"); *Aura Lamp & Lighting Inc. v. International Trading Corp.*, 325 F.3d 903, 910 (7th Cir. 2003) (affirming dismissal when the district court "found that [plaintiff] had no adequate excuse for its repeated failures to comply with discovery for a period of at least three months"); *Newman v. Metropolitan Pier & Exposition Auth.*, 962 F.2d 589, 591 (7th Cir. 1992); *see also Mojapelo v. National R.R. Passenger Corp.*, 748 F. App'x 68, 71 (7th Cir. Jan. 15, 2019); *Williams v. Wahner*, 714 F. App'x 601, 602 (7th Cir. March 13, 2018); *Watkins v. Nielsen*, 405 F. App'x 42, 43 (7th Cir. Dec. 16, 2010).

CWS contends that its conduct does not warrant dismissal. CWS argues that "it has not ignored the court's orders and did provide responses to [Northwood]'s initial interrogatories and request for documents" and that "it continues to work on its responses to the voluminous requests propounded by the defendant in its second set of interrogatories." [114] at 5. In addition, CWS contends that "[t]here has been no prejudice to [Northwood]" or "to the judicial system as the clock should not have started until" the motion to dismiss was resolved. [114] at 5–6. But despite initiating this case, CWS has missed numerous court-ordered deadlines without justification and has repeatedly been sanctioned for that conduct. Both Northwood and the judicial system have been burdened by the time and effort spent resolving the multiple motions to compel and CWS's general unresponsiveness, "adding needless expense to the case and clogging the court's docket." *Aura Lamp & Lighting*, 325 F.3d at 909.

## CONCLUSION

CWS's objections to the report and recommendation, [114], are overruled. The court adopts the report and recommendation in full. Northwood's third motion to compel and for Rule 37 sanctions, [104], is granted to the extent that the motion seeks dismissal with prejudice as a Rule 37 sanction. The case is dismissed with prejudice.

Date: May 19, 2023                     /s/ Martha M. Pacold